UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JULIE SCHULMEIER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Cause No. 1:24-cv-00284-CCB-SLC |
| ) | |
| **THE LINCOLN NATIONAL LIFE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

On April 4, 2025, Plaintiff filed a motion to seal (ECF 33) her brief in support of the motion to compel discovery responses and five exhibits (ECF 34, 34-1 to 34-5) pursuant to the Court's Order dated March 19, 2025 (ECF 24), approving and adopting the parties' proposed protective order (the "Protective Order") (ECF 23-1). Defendant has not filed a response to the motion, and its time to do so has now passed. See N.D. Ind. L.R. 7-1(d)(3).

Plaintiff's motion is not well taken. In the Protective Order, the Court made clear that the Protective Order was limited to the discovery period and the parties were not authorized to file or maintain any document under seal absent an authorizing statute, court rule, or further leave of court. (ECF 24 at 1).[1] The Court further cautioned the parties that the definition of

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). "There is a difference between a protective order issued for purposes of discovery only and one issued for purposes of sealing documents filed with the Court." *Id*.

> Portions of discovery may be conducted in private to expedite disclosure. Much of what passes between the parties remains out of public sight because discovery materials are not filed with the court. But most portions of discovery that are filed and form the basis of judicial action must eventually be released . . . .

*Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (citations omitted).

"Confidential" information in the Protective Order was overly broad, a point they should bear in mind if they were to seek leave to file any documents under seal. (ECF 24 at 1, n.1).

Nevertheless, now Plaintiff seeks leave to maintain her supporting brief and exhibits to the motion to compel entirely under seal simply due to "Defendant's designation of certain supplemental discovery responses as 'Confidential' . . . ." (ECF 33). This explanation falls woefully short of establishing "good cause" to seal these documents. *See Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 246-47 (S.D. Ind. 2001) ("The 'good cause' standard requires a balancing of the public and private interests involved." (collecting cases)). Nor did Defendant attempt to bolster Plaintiff's proffered showing of good cause by filing a response brief to the motion to seal.

Moreover, in a cursory review of the exhibits, it is readily apparent that most, if not all, of the exhibits should be unsealed. *See Union Oil Co.*, 220 F.3d at 568 ("When [people] call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . . ." (citations omitted)). Nor is there any apparent basis for Plaintiff to file her supporting brief under seal. *See Goesel v. Boley Int'l (H.K.) LTD.*, 738 F.3d 831, 833 (7th Cir. Dec. 26, 2013) ("Documents that affect the disposition of federal litigation are presumptively open to public view." (collecting cases)).

Consequently, Plaintiff is ORDERED to re-file her brief in support of the motion to compel and exhibits (ECF 34, 34-1 to 34-5) on the public record with only minimal redactions on or before May 12, 2025. In the event Plaintiff fails to timely do so, the Court will direct the

clerk to unseal the supporting brief and exhibits currently of record. (*See* ECF 34, 34-1 to 34-5).

    SO ORDERED.

    Entered this 28th day of April 2025.

                                      /s/ Susan Collins
                                      Susan Collins
                                      United States Magistrate Judge