UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JULIE SCHULMEIER,

    Plaintiff,

    v.                                                                Case No. 1:24-CV-284-CCB-ALT

LINCOLN NATIONAL LIFE
INSURANCE COMPANY THE,

    Defendant.

## **OPINION AND ORDER**

Plaintiff sought review of her ERISA benefits denial in this Court on July 12, 2024. (ECF 1). On April 4, 2025, Plaintiff filed a motion to compel discovery for the number of claims terminated or denied by the physician ("claim evaluator") who had reviewed Plaintiff's claim. (ECF 32 ¶ 5). In a hearing on June 12, 2025, Magistrate Judge Susan L. Collins denied Plaintiff's motion. (ECF 51; 52-1). Plaintiff has now moved for the Court to reverse Judge Collins' decision. (ECF 52).

### STANDARD

The parties agree that the Magistrate Judge's decision was on a non-dispositive matter and is thus governed by the arbitrary and capricious standard of review. (ECF 53 at 1). Federal Rule of Civil Procedure 72(a) provides that a district judge may set aside a magistrate judge's order on a non-dispositive matter when the order is "clearly erroneous or contrary to law." This deferential standard permits reversal only when the district court "is left with the definite and firm conviction that a mistake has been

made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "To be

clearly erroneous, a decision must strike [the court] as more than just maybe or

probably wrong," and a court will not modify a magistrate judge's non-dispositive,

pretrial decision "simply because [it has] doubts about its wisdom or think[s] [it] would

have reached a different result." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d

228, 233 (7th Cir. 1988). "An order is contrary to law when it fails to apply or misapplies

relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, No. 14-cv-00956,

2016 WL 427518, at *1 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted).

## ANALYSIS

The question at issue in the Magistrate Judge's order was whether Plaintiff could

properly request discovery on the number of claims denied or terminated by

Defendant's claim evaluator. (ECF 53 at 3). Under Seventh Circuit precedent, discovery

in ERISA cases is the exception, rather than the norm—to compel discovery, a plaintiff

must show that the decision was not given a "genuine evaluation" on review. *Perlman v.*

*Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 982 (7th Cir. 1999).

Discovery is only allowed in "exceptional" cases, where the plaintiff makes a prima

facie showing of misconduct or bias and that "there is good cause to believe limited

discovery will reveal a procedural defect." *Dennison v. MONY Life Ret. Income Sec. Plan*

*for Emps.*, 710 F.3d 741, 746 (7th Cir. 2013) (quoting *Semien v. Life Ins. of N. Am.*, 436 F.3d

805, 815 (7th Cir. 2006)). The Seventh Circuit has emphasized that this heightened

standard is necessary to prevent discovery being used as a harassment device against

claims administrators. *Id.* Thus, any motion to compel discovery in the ERISA

2

determination review context must show two things: (1) that there is prima facie evidence of bias or misconduct that would call into question the fairness of the claim evaluation, and (2) that there is good cause to believe that the requested discovery will reveal an actual procedural defect. *See id.* at 746.

Here, Plaintiff fails on both prongs. Judge Collins was correct to deny the motion. First, the only evidence of "bias" which Plaintiff provides is the mere fact that Defendant paid the claim evaluator to perform the review service. But permitting discovery merely because the claim evaluator was paid by the insurance administrator would cut against the Seventh Circuit's mandate that discovery be reserved for "exceptional" cases. *Dennison*, 710 at 746. Many courts in this circuit have recognized this. *See, e.g.*, *Broeski v. Provident Life & Acc. Ins.*, No. 06 C 3836, 2007 WL 1704012, at *2 (N.D. Ill. June 8, 2007) ("The fact that a doctor is regularly consulted by an insurance company (or defense interests more generally) does not, *ipso facto*, render the doctor biased. Were that the case, any time an insurer used in-house doctors in deciding eligibility for benefits, a plaintiff challenging a denial of benefits could claim bias and open the door to discovery. Such a result would make discovery in those cases the rule and not the exception, which plainly is not the law."); *Miller v. Ameritech Long Term Disability Plan*, 584 F. Supp. 2d 1106, 1107 (C.D. Ill. 2008) (citing the reasoning in *Broeski*); *Schreiner v. United Wisconsin Ins.*, 626 F. Supp. 2d 892, 911 (W.D. Wis. 2009) ("The mere fact that [a claims evaluator physician] is often hired to do medical reviews by companies like defendant does not show that he has a conflict of interest or that he is biased as a matter of law."). *See also Est. of Gifford v. Operating Eng'rs 139 Health Benefit*

3

*Fund*, 126 F.4th 509, 524 (7th Cir.) (emphasizing that it is "not the existence of a conflict of interest—which is a given in almost all ERISA cases—but the *gravity* of the conflict, as inferred from the circumstances, that is critical." (quoting *Marrs v. Motorola, Inc.*, 577 F.3d 783, 789 (7th Cir. 2009))), *cert. denied*, 145 S. Ct. 2818 (2025). Plaintiff has not alleged anything besides the mere fact that the physician was paid for the reviewing service. Thus, Plaintiff's request fails at the prima facie stage. *See Dennison*, 710 at 746.

Second, even if there were prime facie evidence sufficient to request discovery, the specific type of discovery requested by Plaintiff would not aid in "reveal[ing] a procedural defect." *Id.* (quoting *Semien*, 436 F.3d at 815). Plaintiff's discovery request was a list of all claims denied or terminated by the claim evaluator. But that list would not cast any light on the procedures or bias in this specific case. The Seventh Circuit has declined to reference general statistics when evaluating bias, stating that the claim review analysis is "concerned only with [plaintiff's] claim and the context and circumstance of [plaintiff's] denial as demonstrated by the administrative record in this case." *Holmstrom v. Metro. Life Ins. Co.*, 615 F.3d 758, 768 (7th Cir. 2010) (rejecting an analysis which could attempt to show bias by "comparing the number of benefits decisions [by the claim evaluator] affirmed and reversed in federal court"). Likewise here, a list of the claims denied by the evaluator would not shed light one way or the other on whether this specific denial was biased or procedurally improper. *See Gifford*, 126 F.4th at 524.

Plaintiff has not shown that the Magistrate Judge's decision was problematic in any way, let alone "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Plaintiff's motion to reverse the Magistrate Judge's order is **DENIED**. (ECF 52).

SO ORDERED on March 9, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT